BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik, Esq. (State Bar No. 077785)
Daniel E. Birkhaeuser, Esq. (State Bar No. 136646)
Jennifer S. Rosenberg, Esq. (State Bar No. 121023)
L. Timothy Fisher, Esq. (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

BEATIE AND OSBORN LLP
Russel H. Beatie, Esq. (Admitted pro hac vice)
Philip J. Miller, Esq. (Admitted pro hac vice)
Curt D. Marshall, Esq. (Admitted pro hac vice)
521 Fifth Avenue, Suite 3400
New York, New York  10175
Telephone:  (212) 888-9000
Facsimile:  (212) 888-9664

Of Counsel:  John E. Lynch (Admitted pro hac vice)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

------------------------------------X
:
PATRIOT SCIENTIFIC CORPORATION,     :
                                    :   Civil Action No.
            Plaintiff,              :   C 04 0618 JCS
                                    :
       v.                           :
                                    :
CHARLES H. MOORE, TECHNOLOGY        :   **AMENDED COMPLAINT FOR**
PROPERTIES LIMITED, and DANIEL E.   :   **DECLARATORY JUDGMENT**
LECKRONE,                           :
                                    :
            Defendants.             :
                                    :   **DEMAND FOR JURY TRIAL**
------------------------------------X

Pursuant to the consent of defendants and permission of the Court granted at the Case Management Conference on June 21, 2004, plaintiff Patriot Scientific Corporation ("Patriot"), by its attorneys, Bramson, Plutzik, Mahler & Birkhaeuser LLP and Beatie and Osborn LLP, for its Amended Complaint ("Complaint") against

defendants Charles H. Moore ("Moore"), Technology Properties Ltd. ("TPL"), and Daniel E. Leckrone ("Leckrone"), alleges:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 101, et seq., for declaratory judgment for determination and correction of inventorship and ownership of a patent and its family of patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 116 and 256.

2. These patents were part of an original filing in the Patent and Trademark Office ("PTO") on August 3, 1989, for a single patent but were prosecuted separately when the PTO issued a division order requiring that the original filing be divided and prosecuted as ten separate applications for ten separate inventions. Only seven patents were sought, and all seven applications were granted.

3. Patriot seeks a declaration that it is the sole owner of U.S. Patent No. 5,809,336, "High Performance Microprocessor Having Variable Speed System Clock" ("'336 Patent") and U.S. Patent No. 6,598,148, "High Performance Microprocessor Having Variable Speed System Clock" ("'148 Patent") and requests that the ownership of the other patents be determined by the Court according to the facts.

**PARTIES**

4. Plaintiff Patriot is incorporated under the laws of the State of Delaware; maintains its principal place of business at 10989 Via Frontera, San Diego, California; and is engaged in the business of developing and owning intellectual property, integrated

1  circuits, and systems level engineering.

2      5.    Patriot is the named assignee of United States
3  Patent No. 5,809,336 entitled "HIGH PERFORMANCE MICROPROCESSOR
4  HAVING VARIABLE SPEED SYSTEM CLOCK" ("'336 Patent").

5      6.    Defendant Moore is an individual, resides at 40
6  Cedar Lane, Sierra City, California, and through his agent has
7  claimed co-inventorship and partial ownership of the patents at
8  issue.

9      7.    Defendant TPL maintains its principal place of
10 business in San Jose, California, is engaged in the business of
11 selling and licensing intellectual property, and through its agent
12 has asserted partial ownership of the '336 Patent.

13     8.    Defendant Leckrone is an individual, is Chairman of
14 TPL, resides at 4010 Moorpark Avenue, #215, San Jose, California,
15 and has asserted, on behalf of Moore, TPL and himself, a claim of
16 partial ownership of the '336 Patent.

17 **JURISDICTION AND VENUE**

18     9.    This Court has original jurisdiction over this
19 action under 28 U.S.C. §§ 1331 and 1338(a) because this action
20 arises under the patent laws of the United States and under the
21 Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

22 **RELATED ACTIONS**

23     10.   This action is related to the actions titled <u>Patriot
24 Scientific Corporation v. Fujitsu Microelectronics, Inc.</u>, No. C 03
25 5787 SBA, and <u>Intel Corporation v. Patriot Scientific Corporation</u>,
26 No. C 04 0439 JCS, which are pending in the Oakland Division of
27 this district.

28     3

1    11.  <u>Fujitsu Consolidated Action</u>.  On December 22, 2003, and later, Patriot filed five similar actions for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 101, <u>et seq.</u>, for damages and injunctive relief pursuant to 35 U.S.C. §§ 271, <u>et seq.</u>

12.  Those actions are or were:

a.   <u>Patriot Scientific Corporation v. Fujitsu Micro-electronics America, Inc.</u>, No. C 03 5787 SBA (N.D. Ca.) (Honorable Saundra Brown Armstrong);

b.   <u>Patriot Scientific Corporation v. Matsushita Electric Corporation of America</u>, No. 2:03 CV 06210 (D.N.J.) (Honorable William G. Bassler);

c.   <u>Patriot Scientific Corporation v. NEC USA, Inc.</u>, No. CV 03 6432 (E.D.N.Y.) (Honorable Joanna Seybert);

d.   <u>Patriot Scientific Corporation v. Sony Corporation of America</u>, No. 03 CV 10142 (DAB) (S.D.N.Y.) (Honorable Deborah A. Batts); and

e.   <u>Patriot Scientific Corporation v. Toshiba America, Inc.</u>, No. 03 CV 10180 (DAB) (S.D.N.Y.) (Honorable Deborah A. Batts).

13.  To satisfy the requirements for personal jurisdiction and venue, Patriot sued the corporations in those

4

actions where each of them maintained its principal place of business.

14. After Patriot filed the complaints and before any defendant answered, Patriot served and filed a motion under 28 U.S.C. § 1407 asking that the patent infringement cases filed in the several district courts be transferred to and consolidated for discovery purposes in either the Northern District of California or the Southern District of New York.

15. The defendants consented to the motion and all parties stipulated to the dismissal of all cases except the case in the United States District Court for the Northern District of California, Oakland Division (the Fujitsu case), and gave Patriot leave to serve a single consolidated amended complaint involving all defendants in that district. Pursuant to the stipulation, Patriot withdrew its motion for 1407 transfer on February 19, 2004.

16. On March 1, 2004, the Clerk of the Judicial Panel on Multidistrict Litigation filed in the Oakland Division of this Court an order deeming the 1407 motion withdrawn.

17. Patriot then amended the complaint in the Fujitsu action, pending in the Oakland Division, to add three additional defendants (Charles H. Moore, Daniel E. Leckrone, and Technology Properties, Ltd. ("TPL"), Leckrone's privately owned company, the same defendants in this action) on issues of ownership/ inventorship.

18. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the relevant patent provisions, 35 U.S.C. §§ 116 and 256, Patriot sought declaratory judgment on inventorship

and ownership of the '336 Patent (but not for any of the other patents involved here).

19. In addition, Intel Corporation, a supplier of infringing and/or contributorily infringing and/or inducing infringement products to the defendants in the cases named in Paragraph 8(a)-(e), sued Patriot for declaratory judgment that it does not infringe the '336 Patent:

20. <u>Intel Action</u>. After Patriot sued the five original defendants, Intel Corporation sued Patriot for a declaratory judgment that its microprocessors, which the five Fujitsu case defendants used in some of their consumer products, did not infringe the '336 Patent. <u>Intel Corporation v. Patriot Scientific Corporation</u>, No. C 04 0439 JCS (N.D. Cal.).

21. Patriot counterclaimed for damages and for injunctive relief for direct infringement, inducing infringement, and contributory infringement of the '336 Patent. Intel then asserted an affirmative defense that the '336 Patent was invalid.

22. On March 22, 2004, Intel moved to stay its own action and the Fujitsu Action pending resolution of inventorship/ownership issues for all six patents involved in this action. Patriot opposed the motion, moved to consolidate the Intel Action and the Fujitsu Action, and moved to bifurcate the issues of liability and damages in the Intel and Fujitsu actions.

23. On May 25, 2004, Intel moved for a second stay, this time seeking to allow its case to go forward and staying the Fujitsu case against the consumer product manufacturer defendants.

24. On June 8, 2004, the Court granted Intel's first

motion to stay, denied without prejudice to later renewal Patriot's motion to consolidate and bifurcate, and stayed all further proceedings in the Intel Action and Fujitsu Action pending final decision by this Court in this action.

25. An actual controversy exists between Patriot and defendants Moore, TPL, and Leckrone, as required by Article III of the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201.

26. Patriot claims sole ownership of all right, title, and interest in the '336 and '148 Patents. However, through defendant Leckrone defendants Moore, TPL, and Leckrone claim partial inventorship and partial ownership of the '336 and '148 Patents, claim to be co-owners of the '336 and '148 Patents with Patriot, and demand compensation for their interest in the '336 and '148 Patents.

27. This action will clarify and resolve Patriot's rights in connection with the '336 and '148 Patents and their family of related patents so that it may assert properly determined rights against infringers in the actions listed in Paragraphs 8(a)-(e) and 9(a) and remove the risk of future invalidation of or cloud of title on those rights.

28. This action is properly venued in this district under 28 U.S.C. §§ 1391(c) because defendants reside in or do business in this district.

**FACTUAL BACKGROUND**

29. On September 15, 1998, the Patent and Trademark Office issued the '336 Patent naming Moore and Russell H. Fish, III

("Fish"), as inventors and Patriot as assignee. A copy of the '336 Patent is attached as Exhibit A.

30. On July 22, 2003, the Patent and Trademark Office issued the '148 Patent naming Moore and Fish as inventors and Patriot as assignee. A copy of the '148 Patent is attached as Exhibit B.

31. Fish solely conceptualized the technology claimed by the '336 and '148 Patents and solely owned the rights, title, and interest in the '336 and '148 Patents.

32. Fish assigned the '336 and '148 Patents to the Fish Family Trust, the Fish Family Trust assigned the '336 and '148 Patents to Nanotronics Corporation ("Nanotronics"), and Nanotronics assigned the '336 and '148 Patents to Patriot by virtue of assignments duly recorded in the United States Patent and Trademark Office as follows: Reel/Frame 005852/0465, recorded September 26, 1991; Reel/Frame 005978/0672, recorded January 21, 1992; and Reel/Frame 008194/0013, recorded October 28, 1996.

33. Patriot is therefore sole owner of all right, title, and interest in the '336 and '148 Patents, including the right to bring this action for injunctive relief and damages.

34. Through defendant Leckrone defendants Moore, TPL, and Leckrone have asserted a claim for partial inventorship and partial ownership of the '336 and '148 Patents and claim to be co-owners of the '336 and '148 Patents with Patriot.

35. Through Leckrone, defendants TPL and Leckrone assert that Moore assigned an ownership interest in the '336 and '148 Patents to TPL and Leckrone.

1   36. Patriot disputes the claims of inventorship and ownership by Moore and partial ownership by TPL and Leckrone and requests this Court to resolve the issues of inventorship and ownership.

5   37. On August 8, 1995, the Patent and Trademark Office issued United States Patent No. 5,440,749 entitled "HIGH PERFORMANCE, LOW COST MICROPROCESSOR ARCHITECTURE" ("'749 Patent") naming Moore and Fish as inventors and Nanotronics as assignee. A copy of the '749 Patent is attached as Exhibit C.

10   38. On information and belief, Fish solely conceived the technology claimed by the '749 Patent and solely owned all right, title, and interest in the '749 Patent.

13   39. Fish assigned the '749 Patent to Nanotronics, and Nanotronics assigned the '749 Patent to Patriot by virtue of assignments duly recorded in the United States Patent and Trademark Office as follows: Reel/Frame 005852/0465, recorded September 26, 1991; Reel/Frame 005978/0672, recorded January 21, 1992; and Reel/Frame 008194/0013, recorded October 28, 1996.

19   40. Patriot is therefore the sole owner of all right, title, and interest in the '749 Patent, including the right to bring this action for injunctive relief and damages.

22   41. Through defendant Leckrone defendants Moore, TPL, and Leckrone have asserted a claim for partial inventorship and partial ownership of the '749 Patent and claim to be co-owners of the '749 Patent with Patriot.

26   42. Through Leckrone, defendants TPL and Leckrone assert that Moore assigned an ownership interest in the '749 Patent to TPL

9

1 and Leckrone.

2  43. On June 25, 1996, the Patent and Trademark Office issued United States Patent No. 5,530,890 entitled "HIGH PERFORMANCE, LOW COST MICROPROCESSOR" ("'890 Patent") naming Moore and Fish as inventors and Nanotronics as assignee. A copy of the '890 Patent is attached as Exhibit D.

 44. On information and belief, Fish solely conceived the technology claimed by the '890 Patent and solely owned all right, title, and interest in the '890 Patent.

 45. Fish assigned the '890 Patent to Nanotronics, and Nanotronics assigned the '890 Patent to Patriot by virtue of assignments duly recorded in the United States Patent and Trademark Office as follows: Reel/Frame 005852/0465, recorded September 26, 1991; Reel/Frame 005978/0672, recorded January 21, 1992; and Reel/Frame 008194/0013, recorded October 28, 1996.

 46. Patriot is therefore the sole owner of all right, title, and interest in the '890 Patent, including the right to bring this action for injunctive relief and damages.

 47. Through defendant Leckrone defendants Moore, TPL, and Leckrone have asserted a claim for partial inventorship and partial ownership of the '890 Patent and claim to be co-owners of the '890 Patent with Patriot.

 48. Through Leckrone, defendants TPL and Leckrone assert that Moore assigned an ownership interest in the '890 Patent to TPL and Leckrone.

 49. On February 18, 1997, the Patent and Trademark Office issued United States Patent No. 5,604,915 entitled "DATA

10

PROCESSING SYSTEM HAVING LOAD DEPENDENT BUS TIMING" ("'915 Patent") naming Moore and Fish as inventors and Nanotronics as assignee. A copy of the '915 Patent is attached as Exhibit E.

50. On information and belief, Moore solely conceived the technology claimed by the '915 Patent and owned all right, title, and interest in the '915 Patent.

51. Through defendant Leckrone defendants Moore, TPL, and Leckrone have asserted a claim for inventorship and ownership of the '915 Patent.

52. Through Leckrone, defendants TPL and Leckrone assert that Moore assigned an ownership interest in '915 Patent to TPL and Leckrone.

53. On August 19, 1997, the Patent and Trademark Office issued United States Patent No. 5,659,703 entitled "MICROPROCESSOR SYSTEM WITH HIERARCHICAL STACK AND METHOD OF OPERATION" ("'703 Patent") naming Moore and Fish as inventors and Patriot as assignee. A copy of the '703 Patent is attached as Exhibit F.

54. On information and belief, Fish and Moore conceived the technology claimed by the '703 Patent and co-owned all right, title, and interest in the '703 Patent.

55. Fish assigned his interest in the '703 Patent to Nanotronics, and Nanotronics assigned that interest in the '703 Patent to Patriot by virtue of assignments duly recorded in the United States Patent and Trademark Office as follows: Reel/Frame 005852/0465, recorded September 26, 1991; Reel/Frame 005978/0672, recorded January 21, 1992; and Reel/Frame 008194/0013, recorded October 28, 1996.

1  56. Patriot is therefore co-owner of all right, title, and interest in the '703 Patent.

2  57. Through defendant Leckrone defendants Moore, TPL, and Leckrone have asserted a claim for partial inventorship and partial ownership of the '703 Patent and claim to be co-owners of the '703 Patent with Patriot.

3  58. Through Leckrone, defendants TPL and Leckrone assert that Moore assigned an ownership interest in the '703 Patent to TPL and Leckrone.

4  59. On July 21, 1998, the Patent and Trademark Office issued United States Patent No. 5,784,584 entitled "HIGH PERFORMANCE MICROPROCESSOR USING INSTRUCTIONS THAT OPERATION WITHIN INSTRUCTION GROUPS" ("'584 Patent") naming Moore and Fish as inventors and Nanotronics as assignee. A copy of the '584 Patent is attached as Exhibit G.

5  60. Moore solely conceived the technology claimed by the '584 Patent and solely owned the rights, title, and interest in the '584 Patent.

6  61. Through defendant Leckrone defendants Moore, TPL, and Leckrone have asserted a claim for inventorship and ownership of the '584 Patent.

7  62. Through Leckrone, defendants TPL and Leckrone assert that Moore assigned an ownership interest in the '584 Patent to TPL and Leckrone.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment For**
**Determination and Correction of Inventorship)**

63. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 62 of the Complaint as if they were set forth here in full.

64. Patriot disputes the claims of inventorship by Moore of the '336 Patent and its family of patents and requests this Court to resolve the issue of inventorship.

65. A judicial declaration correcting inventorship of the '336 Patent and its family of patents is necessary so that Patriot can enforce its rights with respect to those patents against infringers.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment For**
**Determination and Correction of Ownership)**

66. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 62 of the Complaint as if they were set forth here in full.

67. Patriot disputes the claims of partial ownership by Moore, TPL, and Leckrone and requests this Court to resolve the issue of ownership.

68. A judicial declaration about the ownership of the '336 Patent and its family of patents is necessary so that Patriot can enforce its rights with respect to those patents against infringers.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Patriot respectfully prays for an order:

13

1    (a) declaring Fish the sole inventor of the '336 Patent, the '749 Patent, the '890 Patent, and the '148 Patent;

    (b) declaring Patriot the sole owner of the '336 Patent, the '749 Patent, the '890 Patent, and the '148 Patent;

    (c) declaring Moore the sole inventor of the '915 Patent and the '584 Patent;

    (d) declaring Moore, TPL, and Leckrone sole owners of the '915 Patent and the '584 Patent;

    (e) declaring Patriot and Moore joint owners, each with an undivided one-half interest, in the '703 Patent;

    (f) directing the Director of the United States Patent and Trademark Office to issue certificates correcting the inventorship and ownership of the patents accordingly pursuant to 35 U.S.C. §§ 116 and 256; and

    (g) for any other relief this Court deems just and proper under the circumstances.

14

**JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 5, 2004

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik, Esq.
 (State Bar No. 077785)
Daniel E. Birkhaeuser, Esq.
 (State Bar No. 136646)
Jennifer S. Rosenberg, Esq.
 (State Bar No. 121023)
L. Timothy Fisher, Esq.
(State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792


BEATIE AND OSBORN LLP


By:_____/s/_____
    Russel H. Beatie
    (Admitted pro hac vice)
    Curt D. Marshall
    (Admitted pro hac vice)
521 Fifth Avenue, Suite 3400
New York, New York  10175
Telephone:  (212) 888-9000
Facsimile:  (212) 888-9664

Of Counsel:  John E. Lynch
(Admitted pro hac vice)

Attorneys for Plaintiff

15