TOWNSEND AND TOWNSEND AND CREW LLP
ROGER L. COOK (State Bar No. 55208)
ERIC P. JACOBS (State Bar No. 88413)
IRIS SOCKEL MITRAKOS (State Bar No. 190162)
TAE H. KIM (State Bar No. 214684)
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

*Attorneys for Defendants*
Technology Properties Ltd. and
Daniel E. Leckrone

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRIOT SCIENTIFIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES H. MOORE, TECHNOLOGY PROPERTIES LTD., and DANIEL E. LECKRONE,<br><br>Defendants. | Case No.   C04 0618 JF (HRL)<br><br>**E-FILING CASE**<br><br>**DANIEL E. LECKRONE'S ANSWER TO AMENDED COMPLAINT** |

Defendant Daniel E. Leckrone ("Leckrone") by and through his counsel, hereby answers Patriot Scientific Corporation's ("Patriot") Amended Complaint for Declaratory Judgment, filed July 5, 2004 ("Amended Complaint").  Leckrone responds to the specific numbered paragraphs of the Amended Complaint as follows:

1.     Admits the allegations of paragraph 1 of the Amended Complaint.

2.     Admits the allegations contained in the first sentence of paragraph 2, but is without knowledge and lacks sufficient information to form a belief as to the truth of the remaining allegations and, therefore, denies same.

3. Denies that Patriot is the sole owner of US Patent Numbers 5,809,336 ("336 patent"), 6,598,148 ("148 patent") or any of the other patents, and denies that Patriot has the right to seek the declaration referenced in paragraph 3 of the Amended Complaint.

4. Lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint and, therefore, denies same.

5. Admits that Patriot is listed as "assignee" on the face of United States Patent Number 5,809, 336 ("336 patent"), denies that Patriot is the sole assignee, and denies that Patriot or any predecessor in interest of Patriot ever received an assignment from Charles H. Moore, listed as one of the inventors on the face of the 336 patent.

6. Admits that Moore is an individual, residing at 40 Cedar Lane, Sierra City, California, and asserts a claim of co-inventorship and co-ownership of the patent at issue, but denies the remaining allegations of paragraph 6 of the Amended Complaint.

7. Admits that defendant TPL maintains its principal place of business in San Jose, California, and is engaged in the business of developing, commercializing and licensing intellectual property, and that TPL has asserted partial ownership of the 336 patent, but denies the remaining allegations of paragraph 7 of the Amended Complaint.

8. Admits that Leckrone is an individual, is founder, officer and chairman of TPL which holds certain rights to Moore's interest in the 336 patent and that, in that capacity, he has asserted that TPL and Moore have partial ownership of the 336 Patent, but denies the remaining allegations of paragraph 8 of the Amended Complaint, and specifically denies that he has asserted on behalf of himself a claim of partial ownership of the patent.

9. Admits that this Court has original jurisdiction over this action because it arises under the patent laws of the United States, but denies the remaining allegations of paragraph 9 of the Amended Complaint..

10. Admits that Patriot has made certain duplicate allegations regarding inventorship and ownership of the 336 patent in the action titled <u>Patriot Scientific Corporation v Fujitsu Microelectronics, Inc.</u>, No. C 03 5787 SBA, pending in the Oakland Division of this district, but denies the remaining allegations of paragraph 10 of the Amended Complaint.

1      11.     Admits the allegations of paragraph 11 of the Amended Complaint.

2      12.     Lacks information sufficient to form a belief as to the truth of the detailed allegations
3 set forth in paragraph 12 of the Amended Complaint and, therefore, denies same.

4      13.     Denies that it is necessary to sue a corporation where it maintains its principal place of
5 business in order to satisfy the requirements for personal jurisdiction and venue, and therefore denies
6 the allegations of paragraph 13 of the Amended Complaint.

7      14.     Lacks information sufficient to form a belief as to the truth of the allegations set forth
8 in paragraph 14 of the Amended Complaint and, therefore, denies same.

9      15.     Lacks information sufficient to form a belief as to the truth of the allegations set forth
10 in paragraph 15 of the Amended Complaint and, therefore, denies same.

11      16.     Lacks information sufficient to form a belief as to the truth of the allegations set forth
12 in paragraph 16 of the Amended Complaint and, therefore, denies same.

13      17.     Admits the allegations of paragraph 17 of the Amended Complaint.

14      18.     Admits the allegations of paragraph 18 of the Amended Complaint.

15      19.     Admits that Intel Corp. sued Patriot for declaratory judgment that it does not infringe
16 the 336 patent, but lacks information sufficient to form a belief as to the truth of the remaining
17 allegations of paragraph 19 of the Amended Complaint and, therefore, denies same.

18      20.     Admits the allegations of paragraph 20 of the Amended Complaint.

19      21.     Lacks information sufficient to form a belief as to the truth of the allegations set forth
20 in paragraph 21 of the Amended Complaint and, therefore, denies same.

21      22.     Lacks information sufficient to form a belief as to the truth of the allegations that Intel
22 moved to bifurcate the issues of liability and damages in the Intel and Fujitsu actions and, therefore,
23 denies same; but admits the remaining allegations of paragraph 22 of the Amended Complaint

24      23.     Lacks information sufficient to form a belief as to the truth of the allegations contained
25 in paragraph 23 of the Amended Complaint and, therefore, denies same.

26      24.     Admits the allegations of paragraph 24 of the Amended Complaint.

27      25.     Admits the allegations of paragraph 25 of the Amended Complaint.

28

26. Admits that Patriot claims sole ownership of all right, title, and interest in the 336 and 148 Patents; that Moore claims to be and is at least a co-inventor of the 336 and 148 Patents with Russell Fish; that Moore and TPL claim to be and are at least co-owners of the 336 and 148 Patents with Patriot or whoever may hold rights from Russell Fish; and that TPL on behalf of TPL and Moore is lawfully entitled to extend, and is willing to extend, compensatory licenses under the 336 and 148 Patents, without accounting to Patriot, pursuant to 35 U.S.C. §262; however, is without knowledge and lacks sufficient information to form a belief as to the meaning of the allegation that Moore, TPL, and Leckrone "demand compensation for their interest in the 336 Patent," and therefore denies that and the remaining allegations of paragraph 26 of the Amended Complaint; and specifically denies that Patriot is sole owner of the 336 and 148 Patents.

27. Denies that this action will accomplish anything other than to confirm the fact that Patriot is not sole owner, and that Russell Fish is not sole inventor, of the 336 and 148 Patents or any other one or more patent members of the family of patents of which the 336 and 148 Patents are a part, there being no factual basis for any such claim; and is without knowledge and lacks sufficient information to form a belief as to the meaning of the remaining allegations of paragraph 27 of the Amended Complaint, and therefore denies same.

28. Will not contest the allegations of paragraph 28 of the Amended Complaint.

29. Admits that on September 15, 1998, the Patent and Trademark Office duly and legally issued the 336 Patent naming Moore and Russell H. Fish III ("Fish"), as inventors; that the 336 patent lists Patriot as assignee; and that a copy of the 336 Patent is attached as Exhibit A to the Amended Complaint; but denies that Patriot is the lawful or even nominal assignee of Moore's co-inventorship interest in the 336 Patent, and denies the remaining allegations of paragraph 29 of the Amended Complaint.

30. Admits that on July 22, 2003 the Patent and Trademark Office duly and legally issued the 148 Patent naming Moore and Fish as inventors; that the 148 Patent lists Patriot as assignee; and that a copy of the 148 Patent is attached as Exhibit B to the Amended Complaint; but denies that Patriot is the lawful or even nominal assignee of Moore's co-inventorship interest in the 148 Patent, and denies the remaining allegations of paragraph 30 of the Amended Complaint.

1   31.     Denies the allegations of paragraph 31 of the Amended Complaint.

2   32.     Is without knowledge and lacks sufficient information to form a belief as to the detailed
3 allegations of paragraph 32 of the Amended Complaint and, therefore, denies same.

4   33.     Denies the allegations of paragraph 33 of the Amended Complaint.

5   34.     Admits that TPL, Moore and Leckrone have asserted and do assert that Moore is at
6 least a co-inventor of the 336 and 148 Patents with Russell Fish, as reflected on the face of the patent
7 document, and that TPL and Moore are at least co-owners of the 336 and 148 Patents with Patriot, or
8 whoever may have acquired Russell Fish's ownership rights, but denies the remaining allegations of
9 paragraph 34 of the Amended Complaint.

10  35.     Admits that TPL and Leckrone assert that Moore assigned an ownership interest in the
11 336 and 148 Patents to TPL, but denies the remaining allegations of paragraph 35 of the Amended
12 Complaint.

13  36.     Admits the allegations of paragraph 36 of the Amended Complaint, but denies that
14 there is any merit to Patriot's claim, and denies that this Court should resolve the issues of
15 inventorship and ownership, Patriot's belated claim being barred by latches and estoppel.

16  37.     Admits that, on August 8, 1995, the Patent and Trademark Office duly and legally
17 issued United States patent number 5,440,749 entitled "HIGH-PERFORMANCE, LOW COST
18 MICROPROCESSOR ARCHITECTURE" ("749 Patent") naming Moore and Fish as inventors;
19 admits that the 749 Patent lists Nanotronics as assignee, and admits that a copy of the 749 Patent is
20 attached as Exhibit C to the Amended Complaint, but denies that either Patriot or Nanotronics is the
21 lawful or even nominal assignee of Moore's co-inventorship interest in the 749 Patent, and denies the
22 remaining allegations of paragraph 37 of the Amended Complaint.

23  38.     Denies the allegations of paragraph 38 of the Amended Complaint.

24  39.     Is without knowledge and lacks sufficient information to form a belief as to the detailed
25 allegations of paragraph 24 and, therefore, denies same.

26  40.     Denies the allegations of paragraph 40 of the Amended Complaint.

27  41.     Admits that TPL, Moore and Leckrone have asserted and do assert that Moore is at
28 least a co-inventor of the 749 Patent with Russell Fish, as reflected on the face of the patent document,

1  and that TPL and Moore are at least co-owners of the 749 Patent with Patriot, or whoever may have
2  acquired Russell Fish's ownership rights, but denies the remaining allegations of paragraph 41 of the
3  Amended Complaint.
4      42.    Admits that TPL and Leckrone assert that Moore assigned an ownership interest in the
5  749 Patent to TPL, but denies the remaining allegations of paragraph 42 of the Amended Complaint.
6      43.    Admits that, on June 25, 1996, the Patent and Trademark Office duly and legally issued
7  United States patent number 5,530,890 entitled "HIGH-PERFORMANCE, LOW COST
8  MICROPROCESSOR  ("890 Patent") naming Moore and Fish as inventors, admits that the 890 Patent
9  lists Nanotronics as assignee, and admits that a copy of the 890 Patent is attached as Exhibit D to the
10 Amended Complaint, but denies that either Patriot or Nanotronics is the lawful or even nominal
11 assignee of Moore's co-inventorship interest in the 890 Patent, and denies the remaining allegations of
12 paragraph 43 of the Amended Complaint.
13     44.    Denies the allegations of paragraph 44 of the Amended Complaint.
14     45.    Is without knowledge and lacks sufficient information to form a belief as to the detailed
15 allegations of paragraph 45 of the Amended Complaint and, therefore, denies same.
16     46.    Denies the allegations of paragraph 46 of the Amended Complaint.
17     47.    Admits that TPL, Moore and Leckrone have asserted and do assert that Moore is at
18 least a co-inventor of the 890 Patent with Russell Fish, as reflected on the face of the patent document,
19 and that TPL and Moore are at least co-owners of the 890 Patent with Patriot, or whoever may have
20 acquired Russell Fish's ownership rights, but denies the remaining allegations of paragraph 47 of the
21 Amended Complaint.
22     48.    Admits that TPL and Leckrone assert that Moore assigned an ownership interest in the
23 890 Patent to TPL, but denies the remaining allegations of paragraph 48 of the Amended Complaint.
24     49.    Admits that, on February 18, 1997, the Patent and Trademark Office duly and legally
25 issued United States patent number 5,604,915 entitled "DATA PROCESSING SYSTEM HAVING
26 LOAD DEPENDENT BUS TIMING"  ("915 Patent") naming Moore and Fish as inventors, admits
27 that the 915 Patent lists Nanotronics as assignee, and admits that a copy of the 915 Patent is attached
28 as Exhibit E to the Amended Complaint, but denies that either Patriot or Nanotronics is the lawful or

1  even nominal assignee of Moore's co-inventorship interest in the 915 Patent, and denies the remaining

2  allegations of paragraph 49 of the Amended Complaint.

3        50.     Lacks information sufficient to form a belief as the truth of the allegations of paragraph

4  50 of the Amended Complaint and, therefore, denies same.

5        51.     Admits that TPL, Moore and Leckrone have asserted and do assert that Moore is at

6  least co-inventor of the 915 Patent with Russell Fish, as reflected on the face of the patent document,

7  and that TPL and Moore are at least co-owners of the 915 Patent with Patriot, or whoever may have

8  acquired Russell Fish's ownership rights, but denies the remaining allegations of paragraph 51 of the

9  Amended Complaint.

10        52.     Admits that TPL and Leckrone assert that Moore assigned an ownership interest in the

11  915 Patent to TPL, but denies the remaining allegations of paragraph 52 of the Amended Complaint.

12        53.     Admits that, on August 19, 1997, the Patent and Trademark Office duly and legally

13  issued United States patent number 5,659,703 entitled "MICROPROCESSOR SYSTEM WITH

14  HIERARCHICAL STACK AND METHOD OF OPERATION" ("703 Patent") naming Moore and

15  Fish as inventors, admits that the 703 Patent lists Patriot as assignee, and admits that a copy of the 703

16  Patent is attached as Exhibit F to the Amended Complaint, but denies that Patriot is the lawful or even

17  nominal assignee of Moore's co-inventorship interest in the 703 Patent, and denies the remaining

18  allegations of paragraph 53 of the Amended Complaint.

19        54.     Admits that Moore conceived at least a part of the technology claimed by the 703

20  Patent, and that Moore was at least a co-owner with Fish of all rights, title, and interest in the 703

21  Patent, but is without knowledge and lacks sufficient information to form a belief as to truth of the

22  remaining allegations of paragraph 54 of the Amended Complaint and, therefore, denies same.

23        55.     Is without knowledge and lacks sufficient information to form a belief as to the detailed

24  allegations in paragraph 55 of the Amended Complaint and, therefore, denies same.

25        56.     Is without knowledge and lacks sufficient information to form a belief as to the truth of

26  the allegations in paragraph 56 of the Amended Complaint and, therefore, denies same.

27        57.     Admits that TPL, Moore and Leckrone have asserted and do assert that Moore is at

28  least a co-inventor of the 703 Patent with Russell Fish, as reflected on the face of the patent document,

1  and that TPL and Moore are at least co-owners of the 703 Patent with Patriot, or whoever may have
2  acquired Russell Fish's ownership rights, but denies the remaining allegations of paragraph 57 of the
3  Amended Complaint.
4       58.    Admits that TPL and Leckrone assert that Moore assigned an ownership interest in the
5  703 Patent to TPL, but denies the remaining allegations of paragraph 58 of the Amended Complaint.
6       59.    Admits that, on July 21, 1998 , the Patent and Trademark Office duly and legally
7  issued United States patent number 5,784,584 entitled "HIGH-PERFORMANCE
8  MICROPROCESSOR USING INSTRUCTIONS THAT OPERATE WITHIN INSTRUCTION
9  GROUPS" (" 584 Patent") naming Moore and Fish as inventors, admits that the 584 Patent lists
10 Nanotronics as assignee, and admits that a copy of the 584 Patent is attached as Exhibit G to the
11 Amended Complaint, but denies that either Patriot or Nanotronics is the lawful or even nominal
12 assignee of Moore's co-inventorship interest in the 584 Patent, and denies the remaining allegations of
13 paragraph 59 of the Amended Complaint.
14      60.    Lacks information sufficient to form a belief as the truth of the allegations of paragraph
15 60 of the Amended Complaint and, therefore, denies same.
16      61.    Admits that TPL, Moore and Leckrone have asserted and do assert that Moore is at
17 least co-inventor of the 584 Patent with Russell Fish, as reflected on the face of the patent document,
18 and that TPL and Moore are at least co-owners of the 584 Patent with Patriot, or whoever may have
19 acquired Russell Fish's ownership rights, but denies the remaining allegations of paragraph 61 of the
20 Amended Complaint.
21      62.    Admits that TPL and Leckrone assert that Moore assigned an ownership interest in the
22 584 Patent to TPL, but denies the remaining allegations of paragraph 62 of the Amended Complaint.
23      63.    Incorporates by reference the admissions, assertions and denials contained in
24 paragraphs 1 through 62 of this Answer as if they were set forth here in full.
25      64.    Requests this Court to deny the relief requested in paragraph 64 of the Amended
26 Complaint, inasmuch as Patriot is barred by operation of laches and estoppel from requesting this
27 Court to resolve the issue of inventorship at this late date.
28

1    65.    Requests this Court to deny the relief requested in paragraph 65 of the Amended
2    Complaint.
3    66.    Incorporates by reference the admissions and denials contained in paragraphs 1 through
4    62 of this Answer as if they were set forth here in full.
5    67.    Requests this Court to deny the relief requested in paragraph 67, inasmuch as Patriot is
6    barred by operation of laches and estoppel from requesting this Court to resolve the issue of
7    inventorship at this late date.
8    68.    Requests this Court to deny the relief requested in paragraph 68 of the Amended
9    Complaint.

## AFFIRMATIVE DEFENSES

Leckrone, for his further and separate defenses to the allegations of the Amended Complaint, on information and belief, avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By its conduct, Patriot's claims for relief are barred by the defense of estoppel.

### THIRD AFFIRMATIVE DEFENSE

By its conduct, Patriot's claims for relief are barred by the defense of laches.

### FOURTH AFFIRMATIVE DEFENSE

Patriot has brought this action in bad faith, making this an exceptional case under 35 U.S.C. § 285, and entitles Leckrone to recover his attorneys' fees incurred in defending this action.

## PRAYER FOR RELIEF

WHEREFORE, Leckrone prays for judgment against Patriot as follows:

a.    that Patriot's Amended Complaint be dismissed with prejudice;

b.    that Moore continue to be listed as an inventor on the patents which are the subject of this lawsuit;

1       c.    that the Court award to Leckrone his expenses, costs and attorneys' fees incurred in defending this action; and

      d.    that the Court award Leckrone such other relief in law and in equity as the Court may deem just and appropriate.

DATED: July 28, 2004                Respectfully submitted,

                                          TOWNSEND and TOWNSEND and CREW LLP

                                          By:    /s/ Roger L. Cook
                                                     Attorneys for Defendants
                                                     Technology Properties Ltd. and Daniel E. Leckrone

60270022 v1