BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik, Esq. (State Bar No. 077785)
Daniel E. Birkhaeuser, Esq. (State Bar No. 136646)
Jennifer S. Rosenberg, Esq. (State Bar No. 121023)
L. Timothy Fisher, Esq. (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

BEATIE AND OSBORN LLP
Russel H. Beatie, Esq. (Admitted pro hac vice)
Philip J. Miller, Esq. (Admitted pro hac vice)
Curt D. Marshall, Esq. (Admitted pro hac vice)
521 Fifth Avenue, Suite 3400
New York, New York 10175
Telephone: (212) 888-9000
Facsimile: (212) 888-9664

Of Counsel: John E. Lynch (Admitted pro hac vice)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-----------------------------------X
                                    :
PATRIOT SCIENTIFIC CORPORATION,     :
                                    :   Civil Action No.
            Plaintiff,              :   C 04 0618 JF (HRL)
                                    :
     v.                             :
                                    :
CHARLES H. MOORE, TECHNOLOGY        :   **THIRD AMENDED COMPLAINT**
PROPERTIES LIMITED, and DANIEL E.   :   **FOR DECLARATORY JUDGMENT**
LECKRONE,                           :
                                    :
            Defendants.             :
                                    :   **DEMAND FOR JURY TRIAL**
-----------------------------------X


           Pursuant to the consent of defendants and permission of the Court granted on November 8, 2004, plaintiff Patriot Scientific Corporation ("Patriot"), by its attorneys, Bramson, Plutzik, Mahler & Birkhaeuser LLP and Beatie and Osborn LLP, for its Third Amended Complaint ("Complaint") against defendants Charles H. Moore

("Moore"), Technology Properties Ltd. ("TPL"), and Daniel E. Leckrone ("Leckrone"), alleges:

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., for declaratory judgment for determination and correction of inventorship and ownership of a patent, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 116 and 256.

2. The patent was part of an original filing in the Patent and Trademark Office ("PTO") on August 3, 1989, for a single patent.

3. It was prosecuted separately when the PTO issued a division order requiring that the original filing be divided and prosecuted as ten separate applications for ten separate inventions. Seven applications were granted.

4. Patriot seeks a declaration that it is the sole owner of U.S. Patent No. 5,809,336, "High Performance Microprocessor Having Variable Speed System Clock" ("'336 Patent").

**PARTIES**

5. Plaintiff Patriot is incorporated under the laws of the State of Delaware; maintains its principal place of business at 10989 Via Frontera, San Diego, California; and is engaged in the business of developing and owning intellectual property, integrated circuits, and systems level engineering.

6. Patriot is the named assignee of the '336 Patent and is listed on the patent and in the records of the PTO as a co-owner of the patent.

7. Defendant Moore is an individual, resides at 40

Cedar Lane, Sierra City, California, and through his agent has claimed co-inventorship and partial ownership of the patent at issue.

8. Defendant TPL maintains its principal place of business in San Jose, California, is engaged in the business of selling and licensing intellectual property, and through its agent has asserted partial ownership of the '336 Patent.

9. Defendant Leckrone is an individual, is Chairman of TPL, has an ownership interest in TPL, resides at 4010 Moorpark Avenue, #215, San Jose, California, and has asserted, on behalf of Moore, TPL and himself, a claim of partial ownership of the '336 Patent.

**JURISDICTION AND VENUE**

10. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper under 28 U.S.C. § 1391(c) because defendants Moore, Leckrone, and TPL reside or do business in the Northern District of California (Sierra City, San Jose, and San Jose).

**RELATED ACTIONS**

12. This action is related to the actions titled <u>Patriot Scientific Corporation v. Fujitsu Microelectronics, Inc.</u>, No. C 03 5787 SBA, and <u>Intel Corporation v. Patriot Scientific Corporation</u>, No. C 04 0439 SBA, which are pending in the Oakland Division of this district before the Honorable Sandra B. Armstrong.

13. <u>Fujitsu Consolidated Action</u>. On December 22, 2003, and later, Patriot filed five similar actions for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 101, <u>et seq.</u>, for damages and injunctive relief pursuant to 35 U.S.C. §§ 271, <u>et seq.</u>

14. To satisfy the requirements for personal jurisdiction and venue and to avoid motion practice under 28 U.S.C. 1404(a), Patriot sued the corporations in those actions where each of them maintained its principal place of business.

15. Immediately after Patriot filed the complaints, Patriot filed a motion under 28 U.S.C. § 1407 seeking an order that the patent infringement cases filed in the several district courts be transferred to and consolidated for discovery purposes in either the Northern District of California or the Southern District of New York.

16. The defendants consented to the motion and all parties stipulated to the dismissal of all cases except the case in the United States District Court for the Northern District of California, Oakland Division (the <u>Fujitsu</u> case), and gave Patriot leave to serve a single consolidated amended complaint involving all defendants in that district.

17. Pursuant to the stipulation, Patriot withdrew its motion for 1407 transfer and filed a consolidated amended complaint against all five companies.

18. Patriot then amended the complaint in the <u>Fujitsu</u> action, pending in the Oakland Division, to add three additional defendants (Charles H. Moore, Daniel E. Leckrone, and TPL, the same

4

1 defendants in this action) on issues of ownership/ inventorship.

2       19. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the relevant patent provisions, 35 U.S.C. §§ 116 and 256, Patriot sought declaratory judgment on inventorship and ownership of the '336 Patent.

6       20. <u>Intel Action</u>. After Patriot sued the five original defendants, Intel sued Patriot for a declaratory judgment that its microprocessors, which the five <u>Fujitsu</u> case defendants used in some of their consumer products, did not infringe the '336 Patent. <u>Intel Corporation v. Patriot Scientific Corporation</u>, No. C 04 0439 SBA (N.D. Cal.).

12       21. Patriot counterclaimed for damages and for injunctive relief for direct infringement, inducing infringement, and contributory infringement of the '336 Patent. Intel then asserted an affirmative defense that the '336 Patent was invalid.

16       22. Patriot claims sole ownership of all right, title, and interest in the '336 Patent. Defendants Moore, TPL, and Leckrone claim partial inventorship and partial ownership of the '336 Patent and claim to be co-owners of the '336 Patent with Patriot.

21       23. This action will clarify and resolve Patriot's rights in connection with the '336 Patent so that it may assert properly determined rights against infringers in the actions listed in Paragraph 12 and remove the risk of future invalidation of or cloud of title on those rights.

**FACTUAL BACKGROUND**

24. On September 15, 1998, the PTO issued the '336 Patent naming Moore and Russell H. Fish, III ("Fish"), as inventors and Patriot as assignee. A copy of the '336 Patent is attached as Exhibit A.

25. Fish solely conceptualized the technology claimed by the '336 Patent and solely owned all right, title, and interest in the '336 Patent.

26. Fish assigned his interest in the '336 Patent to the Fish Family Trust, the Fish Family Trust assigned its interest in the '336 Patent to Nanotronics Corporation ("Nanotronics"), and Nanotronics assigned its interest in the '336 Patent to Patriot. The assignments were duly recorded in the PTO as follows: Reel/Frame 005852/0465, recorded September 26, 1991; Reel/Frame 005978/0672, recorded January 21, 1992; and Reel/Frame 008194/0013, recorded October 28, 1996.

27. Patriot is therefore sole owner of all right, title, and interest in the '336 Patent, including the right to bring this action for declaratory judgment.

28. Defendants Moore, TPL, and Leckrone have asserted a claim for partial inventorship and partial ownership of the '336 Patent and claim to be co-owners of the '336 Patent with Patriot.

29. Defendants TPL and Leckrone assert that Moore assigned an ownership interest in the '336 Patent to TPL and Leckrone.

30. Patriot disputes the claims of inventorship and ownership by Moore and partial ownership by TPL and Leckrone and

1 requests that this Court resolve the issues of inventorship and
2 ownership.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment For Determination and Correction of Inventorship)

5   31.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 30 of the Complaint as if they were set forth here in full.

8   32.   Patriot disputes the claim of inventorship by Moore of the '336 Patent and requests this Court to resolve the issue of inventorship.

11   33.   A judicial declaration correcting inventorship of the '336 Patent is necessary so that Patriot can enforce its right to that patent against infringers.

### SECOND CLAIM FOR RELIEF
### (Declaratory Judgment For Determination and Correction of Ownership)

16   34.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 30 of the Complaint as if they were set forth here in full.

19   35.   Patriot disputes the claims of partial ownership by Moore, TPL, and Leckrone and requests this Court to resolve the issue of ownership.

22   36.   A judicial declaration about the ownership of the '336 Patent is necessary so that Patriot can enforce its rights with respect to that patent against infringers.

### PRAYER FOR RELIEF

26   WHEREFORE, plaintiff Patriot respectfully prays for an order:

   (a) declaring Fish the sole inventor of the '336 Patent;

   (b) declaring Patriot the sole owner of the '336 Patent;

   (c) directing the Director of the United States Patent and Trademark Office to issue a certificate correcting the inventorship and ownership of the patent pursuant to 35 U.S.C. §§ 116 and 256; and

   (d) for any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 29, 2004  BRAMSON, PLUTZIK, MAHLER &
              BIRKHAEUSER, LLP
              Alan R. Plutzik, Esq.
               (State Bar No. 077785)
              Daniel E. Birkhaeuser, Esq.
               (State Bar No. 136646)
              Jennifer S. Rosenberg, Esq.
               (State Bar No. 121023)
              L. Timothy Fisher, Esq.
              (State Bar No. 191626)
              2125 Oak Grove Road, Suite 120
              Walnut Creek, California  94598
              Telephone:  (925) 945-0200
              Facsimile:  (925) 945-8792

BEATIE AND OSBORN LLP


By: /s/
    Russel H. Beatie
    (Admitted pro hac vice)
    Curt D. Marshall
    (Admitted pro hac vice)
521 Fifth Avenue, Suite 3400
New York, New York 10175
Telephone: (212) 888-9000
Facsimile: (212) 888-9664

Of Counsel: John E. Lynch
(Admitted pro hac vice)

Attorneys for Plaintiff