1  BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
   Alan R. Plutzik, Esq. (State Bar No. 077785)
2  Daniel E. Birkhaeuser, Esq. (State Bar No. 136646)
   Jennifer S. Rosenberg, Esq. (State Bar No. 121023)
3  L. Timothy Fisher, Esq. (State Bar No. 191626)
   2125 Oak Grove Road, Suite 120
4  Walnut Creek, California 94598
   Telephone:  (925) 945-0200
5  Facsimile:  (925) 945-8792

6  BEATIE AND OSBORN LLP
   Russel H. Beatie, Esq. (Admitted pro hac vice)
7  Curt D. Marshall, Esq. (Admitted pro hac vice)
   521 Fifth Avenue, Suite 3400
8  New York, New York  10175
   Telephone:  (212) 888-9000
9  Facsimile:  (212) 888-9664

10  Of Counsel:  John E. Lynch (Admitted pro hac vice)

11  Attorneys for Plaintiff

                                              **REDACTED**
12
                    UNITED STATES DISTRICT COURT
13                 NORTHERN DISTRICT OF CALIFORNIA

14  ----------------------------------X      Civil Action No.
                                      :      C 04 0618 JF (HRL)
15  PATRIOT SCIENTIFIC CORPORATION,   :
                                      :      **PLAINTIFF'S OMNIBUS**
16            Plaintiff,              :      **DISCOVERY MOTION**
                                      :
17       v.                          :
                                      :
18  CHARLES H. MOORE, TECHNOLOGY      :      Date: February 3, 2005
    PROPERTIES LIMITED, and DANIEL E. :      Time: 3:00 p.m.
19  LECKRONE,                         :      Courtroom: 2
                                      :      Before: Magistrate Judge
20            Defendants.             :              Howard R. Lloyd
                                      :
21  ----------------------------------X

22

23

24

25

26

27

28

### Notice of Motion and Motion

TO: DEFENDANTS CHARLES H. MOORE, TECHNOLOGY PROPERTIES LTD.,

AND DANIEL E. LECKRONE

PLEASE TAKE NOTICE THAT on February 3, 2005, at 3:00 p.m. or as soon thereafter as counsel may be heard before Magistrate Judge Howard R. Lloyd of the United States District Court, Northern District of California, located at 280 First Street, San Jose, California, plaintiff Patriot Scientific Corporation will move for an Order (1) striking the Attorneys' Eyes Only provision of the Modified Protective Order; (2) compelling the production of an unredacted license agreement; (3) compelling defendant Daniel E. Leckrone to respond to questions asked during his deposition; and (4) compelling defendant Charles H. Moore to produce documents.

Plaintiff makes this motion pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Modified Protective Order entered on August 26, 2004, this Memorandum of Points and Authorities, the Affidavit of Russel H. Beatie, arguments that may be presented at the hearing, the pleadings and other papers on file with the Court, and all matters of which the Court may take judicial notice.

1                                **STATEMENT OF THE ISSUES**

2            1.   Should the Court strike the "Attorneys' Eyes Only"

3 provision from the Modified Protective Order?

4            ANSWER: YES. In violation of the express terms of

5 the Modified Protective Order and Rule 26(c) of the Federal Rules

6 of Civil Procedure, defendants have continually and unjustifiably

7 abused the Attorneys' Eyes Only provision in document production

8 and depositions and impaired plaintiff's ability to litigate its

9 case.

10                                     REDACTION

11

12            ANSWER: YES. The agreement specifically provides

13 for its unredacted disclosure if it will be covered by a protective

14 order; the protective order in this case provides for

15 "Confidentiality;" and the information redacted, the economic terms

16 of the license, are relevant to defendants' affirmative defenses of

17 estoppel and laches.

18           3.   Must defendants respond to questions and document

19 requests properly made during a deposition?

20            ANSWER: YES. The questions all seek evidence that

21 will be admissible on the merits of the claims of both parties and

22 that will be admissible on credibility.

23

24                                     REDACTION

25

26

27

28                                   3

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

This is a civil action seeking correction of inventorship and ownership of U.S. Patent No. 5,809,336, "High Performance Microprocessor Having Variable Speed System Clock" ("'336 Patent"). (Affidavit of Russel H. Beatie ("Beatie Aff.") ¶ 4.) The '336 Patent device was conceived and reduced to practice solely by Russel H. Fish, III. (Id.) Plaintiff Patriot Scientific Corporation ("Patriot") is listed on the patent and in the records of the Patent and Trademark Office ("PTO") as the sole assignee of the patent and in the 2000 website of defendant Charles H. Moore as the sole owner of the patent. (Beatie Aff. ¶ 5.) Moore now claims co-inventorship of the patent; and defendants Moore, Technology Properties Limited ("TPL") and Daniel Leckrone claim partial ownership of the patent. (Id. ¶ 6.)

Since the beginning of discovery, defendants have engaged in a pattern of obstruction in which they have repeatedly abused the discovery process and hindered Patriot's ability to litigate its case. Defendants have violated both the Federal Rules and the express terms of the Protective Order by indiscriminately asserting the "Attorneys' Eyes Only" designation on more than 3,000 documents, including blank documents, publically available documents, Patriot's complaint, and correspondence from Patriot's counsel. (Id. ¶¶ 10-11.) Defendants produced a redacted version of a license agreement despite the fact that the redacted portions are relevant to their affirmative defenses and to damage calculations.

4

(Id. ¶¶ 15-21.)  Defendants have also refused to answer deposition questions and respond to document requests.  (Id. ¶¶ 22-32.) Patriot seeks revocation of the "Attorneys' Eyes Only" provision in the Modified Protective Order and an Order compelling the production of an unredacted license agreement and responses to questions and document requests.

## ARGUMENT

### Point I

### The Court Should Strike the
### "Attorneys' Eyes Only" Designation

The Protective Order specifically limits the "Attorneys' Eyes Only" designation to "highly sensitive technical, business, or strategic information, which relates to "recent, present, or planned activities of the designating party and has been and is being maintained in confidence by the designating party." (Id. ¶8, Ex. 1.)  This material would satisfy Rule 26(c)(7) of the Federal Rules.  The Addendum to the Protective Order states:

> Before designating any specific information "Confidential" or "Attorneys' Eyes Only" the designating party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Counsel are cautioned the over-designation of documents may result in sanctions. [Beatie Aff., Ex. 1, p.11.]

Defendants have grossly abused the Protective Order by indiscriminately and improperly applying the "Attorneys' Eyes Only" provision to documents and depositions.  Defendant TPL produced an entire box of documents designated "Attorneys' Eyes Only" (more than 3,000 documents).  (Id. ¶ 10.)  The designated documents

5

included:

- **Blank Documents**.  More than fifty blank documents or documents with the phrase "This Page Intentionally Blank."  (Beatie Aff., Ex. 2.)

REDACTION

- **Complaint**.  The complaint filed by Patriot in a related infringement action against Sony and others.  (<u>Id.</u>, Ex. 4.)

- **Correspondence from Patriot's Counsel**.  Defendants redacted the name of the recipient of the Patriot letter, which has no information that warrants an "Attorneys' Eyes Only" designation.  (<u>Id.</u>, Ex. 5.)

- **Patents and PTO Notices**:  The '336 Patent and U.S. Patent Nos. 5,560,001 and 5,784,584, and PTO Notices concerning patent assignments that were recorded in the PTO, all of which are publically available from the PTO.  (<u>Id.</u>, Ex. 6.)

- **Documents with Addresses**:  More than 15 documents that contain only defendants' addresses and phone numbers and occasional salutary language such as "Regards."  (<u>Id.</u>, Ex. 7.)

- **E-Mails Containing Press Releases or Websites**.  More than fifty e-mails that only attach press releases or website addresses.  (<u>Id.</u>, Ex. 8.)

REDACTION

Defendants' abuse of the "Attorneys' Eyes Only" designation is not limited to documents.  During the deposition of Mr. Higgins, counsel for defendants Leckrone and TPL designated deposition testimony as "Attorneys' Eyes Only" despite having no good faith basis for determining that the material is "highly

6

1   sensitive business, technical, or strategic information" that

2   relates to "recent, current, or planned" activities -- Mr. Higgins'

3   work on the '336 Patent began in 1989, and the PTO issued the

4   patent in 1998. (Beatie Aff. ¶ 13.)  Indeed, counsel admitted that

5   he asserted the designation "as preventative" and declined to state

6   a basis for the designation.  (Id. ¶ 14, Ex. 10, p. 23)

7        Pursuant to the Protective Order, Patriot requested

8   defendants' counsel to strike the "Attorneys' Eyes Only"

9   designation.  Defendants refused, replying,

10          If you contend that we have improperly
            designated certain documents or deposition
11          testimony as 'Attorneys' Eyes Only,' please
            let us know and we will reconsider the
12          designation on a document-by-document or
            designation-by-designation basis.  [Beatie
13          Aff., Ex. 15.]

14  That is not the way the Protective Order works and is the very

15  reason stated to the Magistrate as the basis for Patriot's

16  opposition to the Attorneys' Eyes Only provision at the outset of

17  the case: counsel would abuse the provision and the burden of

18  curing the abuse, contrary to the express terms of the Order, would

19  rest on Patriot.  The Protective Order requires that defendants'

20  counsel make a good faith determination that information designated

21  "Attorneys' Eyes Only" warrants protection under the Protective

22  Order and the Federal Rules.  Fed.R.Civ.P. 26(c).  Defendants'

23  counsel either did not make that determination or ignored the

24  Protective Order and demonstrated that they will not abide by its

25  terms.  Counsel's bad faith and indiscriminate use of the

26  designation improperly places the burden on Patriot to determine,

27  in the first instance, if the designation is proper. The Court

28                              7

should strike the "Attorneys' Eyes Only" designation.

## Point II

### Defendants Should Produce the
### Unredacted License Agreement

REDACTION

Intel, the other party to the agreement disclosed the agreement in its Joint Report on the Status of Case No. C-04-0618 JF (HRL), filed in the cases captioned Patriot Scientific Corporation v. Fujitsu Microelectronics America, Inc., No. C 03-5787 (SBA) and Intel Corporation v. Patriot Scientific Corporation, No. C04-0439 (SBA) in the Oakland Division of this Court. (Beatie Aff., Ex. 12.)

The compensation section of the agreement relates directly to defendants' affirmative defenses of laches and

estoppel.   To succeed on a defense of laches, defendants must show prejudice to themselves.   Jarrow Formulas v. Nutrition Now, Inc., 304 F.3d 829, 838 (9th Cir. 2002); Miller v. Glen Miller Productions, 318 F. Supp. 2d 923, 941 (C.D. Cal. 2004).   For defendants to prevail on their estoppel defense, they must show that they relied on conduct by Patriot to their detriment.   Manuel v. Shipyard Holdings, 2001 WL 1382050, at *9 (N.D. Cal. Nov. 5, 2001)(Beatie Aff., Ex. 13); Strong v. Santa Cruz County, 15 Cal. 3d 720, 725 (Cal. 1975).   The agreement may contain evidence that defendants were not prejudiced (laches).   For example, if defendants structured the compensation arrangement to account for a change in inventorship of the '336 Patent, then defendants could never have been prejudiced by Patriot because they were well aware of inventorship issues since the '336 Patent was issued.   The agreement may also contain evidence that defendants did not rely on Patriot to their detriment (estoppel).   For example, regardless of Patriot's conduct, defendants were always able to structure an agreement and thus suffered no harm.   Defendants also redacted, among other sections, the fee paid for the license.   Patriot is entitled to that information in order to challenge defendants' claims of loss under their defenses.

### Point III

### The Court Should Compel Defendant
### Leckrone to Answer Deposition Questions

On September 10, 2004, Patriot deposed defendant Leckrone.  During the deposition, Leckrone refused or was unable to answer a number of questions.  Patriot requests the Court to enter

an Order requiring Leckrone to answer the following questions that he did not answer during his deposition:

> The date, maker and recipient of any document that Leckrone believes indicates that Mr. Higgins attempted to persuade third parties that Mr. Fish made contributions to the '336 Patent or its parent patent application when, in fact, he had not made the contributions. [Beatie Aff., Ex. 14, pp. 53-54.]

> When did Leckrone cease working with Moore to commercialize the ShBoom chip? [Id., pp. 90-91.]

> The author, recipient, and date of any document which Leckrone believes formally terminates his retainer agreement with Mr. Fish. [Id., pp. 107-08.]

> What Company had an agreement with iTV which defendant Leckrone worked to "unwind"? [Id., pp. 128-29.]

## Point IV

### The Court Should Compel
### Moore to Produce Documents

During the deposition of defendant Moore, he testified that he may have floppy disks that contain design layouts of computer chips he designed, not at issue in this case but that contain elements of the '336 Patent.(Beatie Aff. ¶ 26.)  Patriot requested the production of printouts of design layouts of the chips, and Moore responded that he would search for them. (Id. ¶ 27.)  Counsel for Moore has now refused to produce those documents. (Id., Ex. 15.)   Patriot requests the Court to issue an Order compelling Moore to produce the following:

> Printout from a floppy disk of the design layout for the I21, P2I, MUP21 chips. [Id., Ex. 16, pp. 223-25, 227-28, 230-31.]

1  Printout from a floppy disk of reference
   design document for the OKI design
2  specifications. [<u>Id.</u>, p. 223-24.]

3  Printout of design layout for all chips
   designed by Moore that incorporate a ring
4  oscillator clock circuit. [<u>Id.</u>, p. 223-25.]

5  Printout of design layout for the Buffalo
   chip. [<u>Id.</u>, p. 227.]

6  ~~Among other things, these records of Moore's prior and~~

7  subsequent work on microprocessors constitute direct evidence on

8  inventorship. (<u>Id.</u> ¶ 30.) For example, they will show that he had

9  no prior experience working with technology important to some of

10 the patent, <u>e.g.</u>, DRAM's (dynamic access random memories) and the

11 use of a variable high speed ring oscillator system clock on the

12 integrated circuit with the central processing unit. In short,

13 they will confirm that, regrettably Moore has chosen not to tell

14 the truth about the identity of the inventor who conceived the

15 patent (in a preposterous recitation, Moore conceded that he

16 conceived all the claims of one related patent and, after

17 conferring with counsel, changed his general approach to testify

18 that all the numerous claims in other related patents were jointly

19 conceived by both inventors without one of them having an original

20 idea).

21                          <u>CONCLUSION</u>

22     For the forgoing reasons, Patriot respectfully requests

23 that the Court enter an Order (1) striking the Attorneys' Eyes Only

24 provision of the Modified Protective Order; (2) compelling the

25 production of an unredacted license agreement; (3) compelling

26 defendant Daniel Leckrone to respond to questions asked during his

27

28                              11

1  deposition; and (4) compelling defendant Moore to produce

2  documents.

3  Dated:  December 29, 2004          BRAMSON, PLUTZIK, MAHLER &

4                                       BIRKHAEUSER, LLP
                                       Alan R. Plutzik, Esq.
5                                        (State Bar No. 077785)
                                       Daniel E. Birkhaeuser, Esq.
6                                        (State Bar No. 136646)
                                       Jennifer S. Rosenberg, Esq.
7                                        (State Bar No. 121023)
                                       L. Timothy Fisher, Esq.
8                                      (State Bar No. 191626)
                                       2125 Oak Grove Road, Suite 120
9                                      Walnut Creek, California  94598
                                       Telephone:  (925) 945-0200
10                                     Facsimile:  (925) 945-8792

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                            12

BEATIE AND OSBORN LLP

By: _Russell H. Beatie_____

    Russel H. Beatie
    (Admitted pro hac vice)
    Curt D. Marshall
    (Admitted pro hac vice)
521 Fifth Avenue, Suite 3400
New York, New York  10175
Telephone:  (212) 888-9000
Facsimile:  (212) 888-9664

Of Counsel:  John E. Lynch
(Admitted pro hac vice)

Attorneys for Plaintiff

**PROOF OF SERVICE**

I, Matthew P. Heiskell, am employed in the County and State of New York, am counsel for Patriot Scientific Corporation, and my business address is Beatie and Osborn LLP, 521 Fifth Avenue, 34th Floor, New York, New York.

On the 29th day of December, 2004, I served by Federal Express the attached

1. **PLAINTIFF'S OMNIBUS DISCOVERY MOTION,**

2. **AFFIDAVIT OF RUSSEL H. BEATIE, DATED DECEMBER 29, 2004, and the**

3. **PROPOSED ORDER GRANTING PLAINTIFF'S OMNIBUS DISCOVERY MOTION,**

on the persons named below:

F. Eric Saunders, Esq.
3081 Ponderosa Road
Arnold, California 95223

Iris Sockel Mitrakos, Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834

Executed on December 29, 2004, at New York, New York.

I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

_____
Matthew P. Heiskell